IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02615-PAB

HARVEY JACKSON, Individually, and as Parent and Next Friend of I.J., a minor,

    Plaintiff,

v.

HCA-HEALTHONE, LLC, d/b/a Presbyterian/St. Luke's Medical Center, and
RONALD GENE WAGNER, JR., M.D.,

    Defendants.

## ORDER OF DISMISSAL

This matter is before the Court on plaintiff's October 2, 2013 Response to Order to Show Cause.  Docket No. 6.  The Court ordered plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  Docket No. 4.

The complaint alleges that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).  Section 1332(a)(1) states:  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

The Court issued an Order to Show Cause on September 26, 2013 ordering plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction due to plaintiff's failure to adequately allege the citizenship of defendant HCA-HealthOne, L.L.C. (HCA) and its constituent members.  Docket No. 4.

> [W]hen an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes.  In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court.

Docket No. 4 at 3 (citing cases).

In response to the order to show cause, plaintiff provided a Disclosure of Ownership record from the Colorado Department of Public Health listing the ten members of HCA and their respective mailing addresses.  Docket No. 6-2 at 2. Additionally, plaintiff stated that "Upon information and belief, not any of the members listed are citizens of the State of Wyoming and there is no reason to believe that any member is a citizen of the State of Wyoming . . . [i]t would be a stretch to think that any member is a citizen of Wyoming."  Docket No. 6 at 4-5, ¶ 10.  The plaintiff's response also refers to the recently-filed amended complaint, which lists HCA's ten constituent members, each member-corporation's state of incorporation or member-LLC's state of formation, and principal office address.  Docket No. 5 at 3-6.  Based on those averments, plaintiff contends that it has properly shown the citizenship of HCA's constituent members.

Alleging a state of formation and "principal office address" alone is insufficient to ground jurisdiction for corporations or LLCs.  While, for diversity purposes, "a

2

corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990),[1] these considerations are irrelevant to the determination of the citizenship of a limited liability company ("LLC").

As a threshold matter, plaintiff urges the court to adopt an alternative approach to determining the citizenship of LLCs. Plaintiff refers to *Shell Rocky Mountain Prod., LLC v. Ultra Res., Inc.*, 415 F.3d 1158 (10th Cir. 2005), for the proposition that an LLC's citizenship should be determined by the "total activity" approach traditionally used to determine a corporation's principal place of business. However, the citizenship of the plaintiff-LLC in *Shell* was undisputed; thus, the court did not actually apply the total activity test to an LLC. *Id.* at 1162. Moreover, as stated in the Order to Show Cause, although the Supreme Court and the Tenth Circuit have not spoken specifically on the issue of citizenship of LLCs, the consensus throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens. *See U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (listing cases); *Smith v. Locher*, No. 10-cv-00999-MSK, 2010 WL 2342475, at *1 (D. Colo. June 8, 2010).

---

[1]A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-3 (2010).

Therefore, merely listing the mailing address and state of formation of each member-LLC is insufficient. *See, e.g., Hicklin Eng'g, L.C. v. Bartell,* 439 F.3d 346, 347 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships. A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." (internal citations omitted)); *SREI-Miami, LLC v. Thomas,* No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.,* No. 06-88-A, 2007 WL 2848154, at *4-5 (M.D.La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be . . . ."). As a result, the Court rejects plaintiff's contention that the total activity test should apply to LLCs by implication. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (noting that Congress has not created an exception to the requirements of diversity jurisdiction for LLCs as it has for corporations).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). In this case, plaintiff's response contains no information concerning the principal place of business for the member-corporations. The response contains no information concerning the makeup of HCA's member LLCs and as a result is similarly deficient with respect to the citizenship of the member-LLCs' members. Moreover, pleading, as the plaintiff has, where defendants

4

are *not* citizens is insufficient.  See *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) ("That Mr. Mehrotra is a citizen of Rhode Island and that Zwirn is not considered a citizen of Rhode Island 'is not sufficient to give jurisdiction in a . . . Court of the United States.'") (quoting *Cameron v. Hodges*, 127 U.S. 322, 324 (1888)).

In the alternative, plaintiff asks this Court to allow HCA to answer the complaint in order that HCA may provide relevant jurisdictional facts.  However, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  Accordingly, the court will not defer a ruling on the Order to Show Cause until such time as HCA answers the complaint.  Second, plaintiff asks to be permitted limited or "Flashlight" discovery to uncover relevant jurisdictional facts.  A district court has discretion in resolving issues of subject matter jurisdiction and discretion to deny discovery on jurisdictional issues absent a showing of prejudice.  *Sizova v. Nat'l Inst. of Standards and Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002).  Because the plaintiff has provided no such showing of prejudice, the request to conduct limited discovery is denied.

Therefore, it is

**ORDERED** that this case is dismissed without prejudice for lack of subject matter jurisdiction.

DATED October 9, 2013.

                BY THE COURT:

                s/Philip A. Brimmer
                PHILIP A. BRIMMER
                United States District Judge